UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JARVIS SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:22-cv-00099-JRH-BKE |
| CITY OF AUGUSTA-RICHMOND ) | |
| COUNTY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant City of Augusta-Richmond County (hereinafter, "the City" or "Defendant") and, pursuant to Rule 26(c) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rules 7.7, 26.3, and 26.5, moves on an expedited basis for a protective order in connection with Plaintiff's attempt to unilaterally notice the 30(b)(6) deposition of the Defendant, respectfully showing as follows:

**RELEVANT FACTUAL BACKGROUND**

Plaintiff filed his Complaint in this case on July 28, 2022. [Doc. 1]. This is an employment case involving claims of individual disparate treatment under the ADA and the ADEA, and retaliation under the FMLA. [Id.]

Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint on September 14, 2022 [Doc. 11], and the discovery period began on October 13, 2022. [Doc. 14]. This Court's Local Rules provide for a 140-day discovery period.

Thereafter, the City promptly served its Initial Disclosures, First Interrogatories, and First Requests for Production of Documents upon Plaintiff on October 25, 2022. Plaintiff did not serve any discovery requests until January 6, 2023.

- 1 -

The discovery period in this case was initially set to close on February 1, 2023. [Doc. 14]. However, the Parties moved to extend the discovery deadline through April 3, 2023, and the Court entered a revised scheduling order accordingly. [Doc. 20]. Acting diligently, the City's counsel deposed Plaintiff Jarvis Sims on March 30, 2023.

Defendant's counsel thereafter agreed to move the Court for yet another discovery extension, expecting this to be a final extension request, and on March 20, 2023, the Parties moved for an extension through May 3, 2023. In the Parties' Second Joint Motion to Amend Scheduling Order, the Parties noted that "Plaintiff has requested to depose Anita Rookard, Odie Donald, and a 30(b)(6) representative," but no proposed topics were included by Plaintiff in the motion for a 30(b)(6) deposition. [Doc. 21, ¶ 6]. The Court granted this motion and amended the scheduling order yet again. [Doc. 22].

Plaintiff's counsel subsequently took the depositions of Mrs. Rookard and Mr. Donald on April 19th and 20th, 2023, respectively. However, at no point between the March 20, 2023 motion and April 27, 2023 did Plaintiff *ever* send a 30(b)(6) notice with proposed topics for a corporate designee to be prepared to testify, let alone request mutually agreeable dates from Defendant's counsel (or dates that would work for the designee) for a corporate deposition under Rule 30.

It was not until this morning, April 28, 2023 – *three business days* before the close of the discovery period on May 3, 2023 – that Plaintiff first provided a 30(b)(6) notice. [Doc. 26]. Plaintiff is now attempting to unilaterally schedule a corporate deposition under Rule 30 on May 2, 2023 – *two business days later* – a date in which neither of the Defendant's counsel are available. Plaintiff's counsel did not even seek to ascertain whether Defendant's corporate designee(s) are or could be available on that date prior to issuing the notice. It should also be noted that the Defendant's lead counsel has the entire following week booked for trial preparation for a federal

trial beginning the following week of May 15th in the matter of *Brittani Williams v. Levon Allen*, in his official capacity as the Sheriff of Clayton County, Georgia, N.D. Ga., Civil Action No. 1:20-cv-00186-JPB.

As reflected in the email correspondence attached hereto as Exhibit 1, the City's counsel promptly engaged in discussions with Plaintiff's counsel, objecting to the unilateral deposition notice and any further extension of the discovery period, as well as to the proposed topics themselves. [See Exhibit 1]. Despite a good faith to resolve this dispute, Plaintiff nevertheless proceeded to file the notice at 10:17 a.m., a mere nine (9) minutes after Defendant's counsel's second effort to obtain a withdrawal of the notice. [Compare Ex. 1, Emails of 9:10 a.m. and 10:08 a.m., with Doc. 26]. Given the emergency nature of this situation and the limited time involved, an expedited motion became necessary at that point.

## ARGUMENT AND CITATION OF AUTHORITY

**A.      Standard of Review.**

District courts have broad power to control the scope of discovery. Indeed, the Supreme Court has reminded judges that "district courts should not neglect their power to restrict discovery" under Rule 26(c) and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 (1979); see also Fed. R. Civ. P. 26 Advisory Committee's Note to 1970 amendment ("Rule 26(c) ... confers broad powers on the courts to regulate or prevent discovery…, and these powers have always been freely exercised.").

"Rule 26(c) allows the issuance of a protective order if 'good cause' is shown. Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has identified four factors

to consider in determining the existence of good cause: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1205 (11th Cir. 1985).

In addition to requiring good cause, this circuit has also required the district court to balance the interests of those requesting the order. See Farnsworth v. Center for Disease Control, 758 F.2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule.") (citations omitted). While a court has broad discretion to fashion a protective order, a "court must articulate its reasons for granting a protective order sufficient for appellate review." McCarthy v. Barnett Bank of Polk Cty., 876 F.2d 89, 91 (11th Cir. 1989) (citations omitted); see also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) ("Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.") (citations omitted).

**B.     The Court Should Enter an Order Prohibiting Plaintiff's Unilateral Scheduling of a 30(b)(6) Deposition and Deny Further Requests to Extend the Discovery Period.**

Discovery in this district is only supposed to last 140 days, but the Court has already generally agreed to extend the discovery period *twice*, most recently through May 3, 2023. To date, Plaintiff and his counsel have already had 197 days' worth of discovery.

Plaintiff was not diligent during the discovery period, and particularly following the

Court's most third and second amended scheduling order of March 21, 2023. [Doc. 22]. Most notably, instead of requesting mutually agreeable dates for a 30(b)(6) deposition at any point to date in the 2023 calendar year – both for Defendant's counsel and its corporate designee(s) – Plaintiff's counsel waited until the morning of April 28, 2023 to unilaterally schedule a deposition. These tactics violate multiple rules.

As an initial matter, Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Needless to say, providing a notice on a Friday morning for a deposition the *following Tuesday* is not "reasonable." See Wiley v. Hartford Life and Accident Ins. Co., 2007 WL 9798505, * 1 (M.D. Ala. July 6, 2007) (finding 3 business days' notice insufficient, and noting "a court should not permit a deposition if the party seeking it has already had ample opportunity to discover the information."); Mims v. Central Mfrs. Mut. Ins. Co., 178 F.2d 56, 58–59 (5th Cir.1949) (holding that four days' notice of the intention to take depositions and seven days' notice of intent to depose a witness in New York was unreasonable under rule 30 of the Federal Rules of Civil Procedure.); Spangler v. Southeastern Greyhound Lines, 10 F.R.D. 591 (E.D.Tenn.1950) (holding that nine days' notice between notice of intent to take depositions and trial date was unreasonable.)' United States v. Philip Morris Inc., 312 F.Supp.2d 27, 36-37(D.C.D.C. 2004) (quashing subpoenas where the witnesses in the case were busy litigators who were served with subpoenas three days or less before the scheduled depositions); In re Stratosphere Corp. Securities Litigation, 183 F.R.D. 684, 687 (D. Nev. 1999) (6 days' notice was not reasonable).

This is especially true in the context of a 30(b)(6) deposition. Fed. R. Civ. P. 30(b)(6). Indeed, in response to such a notice, the organization must designate one or more persons to testify on its behalf as to those matters. Id. "The persons designated must testify about information known

or reasonably available to the organization." Id. As the persons designated represent the corporation just as an individual represents himself at a deposition, see United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.1996), the organization's "duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The [organization] must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir.2006) (citation and internal quotation marks omitted). The organization must prepare the designees "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989).  If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then "the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions." King v. Pratt & Whitney, a Div. of United Techs. Corp., 161 F.R.D. 475, 476 (S.D.Fla.1995).  Simply put, by attempting to take a corporate deposition on such short notice, Plaintiff's counsel is endeavoring to force Defendant into an impossible position.

 As reflected in Exhibits 1 and 2, Plaintiff's proposed topics are also not relevant to any party's claim or defense and proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1). Again, this is an individual disparate treatment claim of alleged discriminatory termination.  [Doc. 1].  Yet, Plaintiff's proposed topics seek testimony on a variety of completely irrelevant matters, such as the amounts of settlements in prior employment disputes – not even limited to similar disputes – involving employees other than the Plaintiff.  Prior settlements in other discrimination cases have nothing to do with the individual disparate treatment and retaliation claims in this case. The same is true of "processes related to funding, premiums, claims, and review" of the City's

"self-insured" and "outside" health insurance programs, and the City has already produced (and been questioned about) its leave policies at previous depositions. A true and correct copy of Plaintiff's proposed 30(b)(6) notice is attached hereto as Exhibit 2.

The bottom line is that Plaintiff has already had close to 7 months to take discovery and complete depositions. It is now far too late to be scheduling additional depositions, particularly 30(b)(6) depositions on such short notice. If Plaintiff desired to take a corporate deposition, the proposed topics and requested dates should have been sent long ago, not on the eve of the discovery period ending. Thus, the Court is requested to enter a protective order prohibiting the taking of this deposition and denying further extensions of the discovery period.

The undersigned counsel certifies that a good faith effort has been made to resolve the dispute before coming to this Court for relief.

Respectfully submitted, this 28th day of April, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ John D. Bennett*
John D. Bennett
Georgia Bar No. 059212
Emily M. Walker
Georgia Bar No. 221826
*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960
E: jbennett@fmglaw.com
E: emily.walker@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of said filing to the following attorney of record:

This 28th day of April 2023.

                                            **FREEMAN MATHIS & GARY, LLP**

                                            */s/ John D. Bennett*
                                            John D. Bennett
                                            Georgia Bar No. 059212
                                            Emily M. Walker
                                            Georgia Bar No. 221826

100 Galleria Parkway                        *Attorneys for Defendant*
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960
E: jbennett@fmglaw.com
E: emily.walker@fmglaw.com